UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                      :
PRASAD V. POTLURI,                    :
                                      :
          Plaintiff,                  :
                                      :      CIVIL ACTION NO. 05:5494 (JCL)
     v.                               :
                                      :      OPINION
SATISH YALAMANCHILI,                  :
CLAUDINE GEORGE, and                  :
ICONMA LLC                            :
                                      :
          Defendants.                 :
_____  :
```

**LIFLAND, District Judge**

Before the Court is a motion by Plaintiff Prasad V. Potluri ("Prasad" or "Plaintiff") to reconsider the portion of this Court's Memorandum and Order of July 28, 2006, in which the Court determined that venue was improper in New Jersey under 28 U.S.C. § 1391(a)(2) and granted the defendants' motion to transfer the case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). For the reasons stated herein, Plaintiff's motion will be denied.

## I.     BACKGROUND

Plaintiff's claims arise out of a nine-year business arrangement between

Potluri and Satish Yalamanchili ("Yalamanchili").  According to Potluri, he and his life-long friend, Yalamanchili, entered into an oral agreement in 1996 to create business ventures together and to share ownership, profits, and losses equally in such ventures, irrespective of the legal ownership interests reflected in any documents concerning the formation of those businesses.  (Compl. ¶ 11.)  The contract was not directed to New Jersey or any other specific location.  (Id.)  Apparently, the parties never reduced the terms of their agreement to writing.

In April 2000, pursuant to the arrangement, the parties formed Iconma, LLC ("Iconma"), an outgrowth of one of their prior ventures, Procon, Inc. ("Procon").  Iconma listed Yalamanchili's wife, Defendant Claudine George ("George"), as the sole owner of record, but the company functioned with Potluri and Yalamanchili as equal beneficial owners.  (Compl. ¶ 14.)  In October 2002, allegedly because of a conversation he had with Yalamanchili, Potluri moved to New Jersey to further develop Iconma's business in the New York/New Jersey metropolitan area.  (Potluri Aff. ¶ 5.)  Potluri maintains that he worked from his Princeton home on behalf of Iconma.

According to Potluri, he and Yalamanchili regularly exchanged telephone calls and emails regarding Iconma.  On January 7, 2005, George called Potluri in New Jersey to inform Potluri that he would have no further role in Iconma, and

2

that she and Yalamanchili would be claiming full ownership in the company. (Compl. ¶ 24.)  During that same call, Yalamanchili spoke with Potluri, and reinforced George's statement that he would not honor his original oral agreement. (Potluri Aff. ¶ 6.)

On November 21, 2005, Potluri filed a Complaint in this Court alleging breach of contract, promissory estoppel, and equitable estoppel against Yalamanchili; and alleging fraud, conspiracy, conversion, and unjust enrichment against Defendants Yalamanchili and George.  Subject matter jurisdiction was based on diversity.  Plaintiff did not assert any claims against Iconma, but asserted that Iconma was a necessary party pursuant to Fed. R. Civ. P. 19(a), because it was an entity necessary for a just adjudication and for the relief sought.  (Compl. ¶ 5.)

Defendants moved to dismiss the Complaint against Yalamanchili and George for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) respectively, and to dismiss the claim against Iconma for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, the Defendants sought to transfer the case to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).  In a Memorandum and Opinion dated July 28, 2006, this Court denied the motion to dismiss the claim against Iconma,

but granted the motion to transfer the action to the Eastern District of Michigan.
On August 10, 2006, Potluri filed the instant motion to reconsider.


## II.    STANDARD OF REVIEW

Local Civil Rule 7.1(i) allows a party to seek reconsideration if there are
"matter[s] or controlling decisions which the party believes the Judge . . . has
overlooked . . . ."  L. Civ. R. 7.1(i).  It is  well-established that a court may only
grant a motion for reconsideration if the movant can show: (1) an intervening
change in the controlling law; (2) the availability of new evidence that was not
previously available; or (3) the need to correct a clear error of law or fact or to
prevent manifest injustice.   See, e.g., Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir.1999).  If, as here, reconsideration is sought
based upon the third factor, the movant may address only matters that were
presented to the Court, but were not considered by the Court in making the
decision at issue.  United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345
(D.N.J.1999).  In other words, "overlooked" is the operative term in the Rule.
Bowers v. NCAA, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  It is improper on a
motion for reconsideration for the movant to "ask the Court to rethink what it had
already thought through -- rightly or wrongly."  Oritani Sav. & Loan Ass'n v.

Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990); see also Bowers,

130 F.Supp.2d at 612 (holding that "a motion for reconsideration should not

provide the parties with an opportunity for a second bite at the apple").

Reconsideration is "an extraordinary remedy," which is to be granted "very

sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513,

516 (D.N.J.1996).


### III.   ANALYSIS

In the instant matter, Potluri seeks reconsideration based on an alleged clear

error of law.  Specifically, Potluri argues that the Court overlooked the controlling

law principle that venue can be proper in more than one district.  In its analysis, the

Court noted that the proper venue for the case was defined by 28 U.S.C. §1391(a),

which provides:

> A civil action wherein jurisdiction is founded only on diversity
> of citizenship may, except as otherwise provided by law, be
> brought only in (1) a judicial district where any defendant
> resides, if all defendants reside in the same state, (2) a district
> in which a substantial part of the events or omissions giving
> rise to the claims occurred or a substantial part of the property
> that is the subject of the action is situated, or (3) a judicial
> district in which any defendant is subject to personal
> jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Since both individual Defendants and Iconma resided in Michigan, the Court concluded that neither subsection (1) nor (3) supported venue in the District of New Jersey, so venue could only be proper in New Jersey(under subsection (2)) if a substantial part of the events giving rise to the claims occurred in New Jersey.  The Court proceeded to analyze the substantive events giving rise to the claims and where they occurred:

> Here, the substantive events giving rise to the claim are the alleged formation of the contract, which occurred in Troy, Michigan, the prior ventures formed in Michigan, and Defendants' rejection of Plaintiff's alleged interest in Iconma, which also occurred in Michigan. Moreover, for the first six years of their agreement, the parties had no affiliation with New Jersey, as Plaintiff lived in London, England and Defendants lived in Michigan. Accordingly, under Hoffer, a substantial part of the events that gave rise to Plaintiff's claim occurred in Troy, Michigan.

Potluri v. Yalamanchili, Memorandum and Order at 8 (July 28, 2006).  Ultimately, the Court transferred the case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a), rather than dismiss it, in order to prevent injustice and save time and resources.

Potluri now claims that the Court committed a clear error of law by overlooking the principle that "venue . . . [can] be proper in more than one district, provided that a 'substantial part' of the events occurred in more than one district.'"

6

Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 426 (D.N.J. 2000), *citing* Cottman Transmission Sys. Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  Potluri misinterprets the Court's Opinion.  The Court did not overlook this principle or view venue as an either/or proposition.  The Court did not decide that venue was improper in New Jersey because substantial events occurred in Michigan, thus rendering venue improper anywhere else.  Implicit (although perhaps not sufficiently explicit) in the Court's decision was a finding that venue was improper in New Jersey because only a minimal part of the events that gave rise to Plaintiff's claim occurred here.  The Court noted that a substantial part of the events occurred in Michigan in order to establish that the case could have been filed there (making transfer, as opposed to outright dismissal, an appropriate outcome), not because it believed that venue could only be proper in one district.

## IV.   CONCLUSION

Accordingly, Potluri has not stated a proper ground on which to grant reconsideration.  His motion will be denied.

\s\      John C. Lifland, U.S.D.J.

Dated: March 5, 2007